```
                    UNITED STATES DISTRICT COURT FOR
                        THE DISTRICT OF COLUMBIA


Spencer Layton,                     )
1115 N. Pitt St., Unit 1C           )
Alexandria, VA 22314                )
                                    ) Judge _____
        PLAINTIFF                   ) Civil Action No. _____
                                    )
                                    )
    vs.                             )
                                    )
                                    )
Long Life Services, Inc.            )
4616 SW 74th Ave.                   )
Miami, FL 33155                     )
                                    )
                                    )
        DEFENDANT                   )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
```

COMPLAINT
(Consumer Protection)


THE PARTIES

1.   Plaintiff Spencer Layton is a citizen of Virginia residing at 1115 N. Pitt St., Unit 1C, Alexandria, VA. Plaintiff brings this action on behalf of himself and the general public.

2.   Defendant Long Life Services, Inc. is a Florida corporation with a principal place of business at 4616 SW 74th Ave, Miami, FL.


JURISDICTION AND VENUE

-1-

3.   This court has jurisdiction over the Defendant pursuant to D.C. Code § 13-423(a)(1) and D.C. Code § 13-334 (2005).

4.   This court has jurisdiction over the subject matter pursuant to 28 USC § 1332 (2005).

5.   Venue is properly based in this District under 28 USC § 1391(a) (2005).

## THE TRANSACTION

6.   On October 24, 2005 Plaintiff purchased Slim Form Patch for $24.49 at the retail store CVS located at 1025 Connecticut Ave., NW in the District of Columbia.

7.   On or about October 24, 2005 Plaintiff commenced using the patches according to the provided instructions.  Although Plaintiff continued to use the patch as directed for approximately two weeks, he did not experience substantial weight loss, decreased appetite, or increased energy.

## DEFENDANT'S COURSE OF CONDUCT

8.   Since at least September of 2002, Defendant has advertised, offered for sale, sold, and distributed a purported transdermal skin patch ("patch") containing the ingredients *Fucus vesiculosus* (sea kelp), mannitol, chlorides, potassium, sodium, magnesium, amino acids, calcium, glucose, phosphates, and fucose.

9.  Defendant has sold or offered for sale the patch and other products for sale to citizens and consumers of the District of Columbia through its websites, including but not necessarily limited to, [www.longlifeproducts.com](www.longlifeproducts.com), [www.slimdietpatch.com](www.slimdietpatch.com) and [www.slimformpatch.com](www.slimformpatch.com).

10. As part of its evaluation of all then-marketed over-the-counter drugs for weight loss, in 1982 the Federal Food and Drug Administration ("FDA") categorized sea kelp as a "category III" ingredient, 47 Fed. Reg. 8466, 8476 (Feb. 26, 1982).  This meant that the evidence was not sufficient to categorize the ingredient as generally recognized as safe ("GRAS") and generally recognized as effective ("GRAE") for weight loss.  Although industry members were permitted to continue marketing sea kelp for weight loss, they had to demonstrate the safety and effectiveness of the ingredient to FDA to prevent FDA from reclassifying the ingredient as neither GRAS nor GRAE (a "category II" ingredient).

11. In 1991, the FDA determined that sea kelp is neither GRAS nor GRAE for weight loss, 56 Fed. Reg. 37792, 37797 (Aug. 8, 1991).  Accordingly, sea kelp cannot be marketed in the United States for weight loss without the seller successfully completing FDA's new drug application ("NDA") process.

12. Defendant has marketed the patch for weight loss to consumers in the District of Columbia without an approved NDA.

**FIRST CAUSE OF ACTION:**

**VIOLATIONS OF D.C. CODE §§ 28-3904(a) (2005)**

13.  This Count realleges and incorporates by reference paragraphs 1-12.

14.  Through Defendant's websites, package labeling, and other means, Defendant has represented, expressly or by implication, that the patch causes substantial weight loss.

15.  In truth and in fact, the patch does not cause substantial weight loss.

16.  Defendant has violated §§ 28-3904(a) by representing that the patch has the characteristics, uses and benefits described in paragraph 12, and incorporated here by reference, which in fact it does not have.  Defendant made these representations in willful disregard for the rights of consumers.


**SECOND CAUSE OF ACTION:**

**VIOLATIONS OF D.C. CODE § 28-3904(e) and (2005)**

17.  This Count realleges and incorporates by reference paragraphs 1-16.

18.  Through Defendant's web site, package labeling and other means, Defendant has represented, expressly or by implication that:

    a. The patch causes substantial weight loss;

      b. The patch controls the user's appetite;

      c. The patch stimulates the user's metabolism;

      d. The patch controls balance in producing hormones;

      e. The patch increases overall energy;

      f. The patch acts on the muscular system to nourish and prevent muscle loss when losing weight.

19.  Defendant did not possess and rely upon a reasonable basis that substantiated the claims set forth in paragraph 18 above at the time the representations were made.

20.  Defendant has violated D.C. Code § 28-3904(e) by misrepresenting material facts which tend to mislead consumers, as described in paragraph 18.  Defendant's misrepresentations were made in willful disregard for the rights of consumers.

### THIRD CAUSE OF ACTION:
### VIOLATIONS OF D.C. CODE § 28-3904(x)

21.  This Count realleges and incorporates by reference paragraphs 1-20.

22.  Defendant has violated D.C. Code § 28-3904(x) by selling consumer goods in a condition or manner not consistent with that warranted by operation or requirement of federal law, as described in paragraphs 11-12.  Defendant acted in willful disregard for the rights of consumers.

23.  Defendant has violated the requirements of 21 USC § 355 by selling a new drug, the patch, without an approved NDA.

24. The patch is a misbranded drug under 21 USC § 352(a) because its labeling is false or misleading.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court, pursuant to D.C. Code § 28-3905(k)(1) and its own equitable powers, to:

(1) Enter judgment against the Defendant and in favor of Plaintiff for each violation alleged in this complaint;

(2) Award Plaintiff a civil monetary penalty of $1,500.00;

(3) Award Plaintiff punitive damages of $75,000.00;

(4) Award Plaintiff costs and reasonable attorney's fees;

(5) Temporarily, preliminarily, and permanently enjoin Defendant from engaging in, or assisting others engaged in, violations of D.C. Code § 28-3904 (2005);

(6) Award Plaintiff any other relief which the Court deems proper.

-7-

Respectfully Submitted,


/s/ Jeffrey Light
_____

Jeffrey L. Light
D.C. Bar #485360
Patients not Patents, Inc.
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213

Attorney for Plaintiff